**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

Civil Action No. 19-cv-6920 RRM-SJB

RAFAEL CASTILLO, *individually and on behalf of others similarly situated,*

Plaintiff.

-against-

**VERIFIED ANSWER**

BANSHAN GARDEN INC. (D/B/A BANSHAN GARDEN INC.), CHIU CHUN CHANG, and KEI WEI SHI

Defendants.

----------------------------------------------------------------x

Defendant BANSHAN GARDEN INC., (D/B/A BANSHAN GARDEN INC.)., CHIU CHUN CHANG, and KEI WEI SHI (Defendants) by his attorneys, Roberts & Roberts, as and for the verified answer to the complaint, respectfully alleges as follows:

1. As to paragraph 1, Defendant admits only that employee was employed by Banshan Gadens Inc.

2. As to paragraph 2, Defendant admits only that Banshan Gardens Inc. operated a grocery store at 5215 6th Avenue, Brooklyn NY 11220.

3. As to paragraph 17, as to the allegation Defendant admits only that Banshin Garden Inc. owned, operated and controlled a deli grocery located at 5215 6th Avenue, Brooklyn, NY 11220 under the name Banshan Garden Inc.

4. As to paragraph 21, Banshan Gardens Inc. operates a deli grocery located in the Sunset Park section of Brooklyn.

5. As to paragraph 28, Banshan Gardens Inc. was the employer of Rafael Castillo and had the power to hire and fire plaintiff, control the terms and conditions of employment and determine compensation. As to the allegations concerning FLSA and New York Labor Law, they are questions of law left to the Court.

6. As to paragraph 61, Defendant Banshan Garden Inc. was the only employer of the Plaintiff with the power to hire and fire.

7. Defendants deny the allegations contained in the paragraphs of the Complaint herein designated: "5", "6", "7", "8", "11", "20", "22", 23", "24", "25", "26", "27a", "27b", "27c", "27d", "27e", "27f", "27g", "27h", "29", "30", "35", "39", "40", "41", "42", "43", "44", "47", "49", "52", "53", "54", "55", "58", "59", "62", "63", "64", "65", "68", "69", "70","72", "73", "74", "75", "77", "78", "81", "82", "83", "85", and "86".

8. Denies having knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraphs: "3", "10", "14", "31", "34", "37', "44", "45", "46", "48", "56" "88" and "89".

9. Defendants., repeats, re-alleges, and denies each and every allegation contained in the paragraphs numbered: "60", "67", "71", "76", "80", "84", "87", of this Complaint.

10. Defendants admit the allegations set forth in paragraph "4", "12", "13", "15","16", "18", "19", "32", "33", "36", "39", "40", "42", "50", "51", and "57".

**RESPONDENTS' AFFIRMATIVE DEFENSES**

**AS AND FIRST AFFIRMATIVE DEFENSE**

1. Claimants' claims in whole or in part, fail to state a claim upon which relief can be granted.

**AS AND SECOND AFFIRMATIVE DEFENSE**

2. Claimants' claims are barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

3. Claimants' have been paid all monies owed to them.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

4. Although Respondents deny that they owe any unpaid wages or other amounts to Claimants, if it is determined that such monies are owed, Claimants cannot establish that any alleged violation of the FLSA was willful and, thus, cannot establish entitlement to a three-year statute of limitations with respect to their claims.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

5. Although Respondents deny that they owe any unpaid wages or other amounts to Claimants, if it is determined that such monies are owed, then Respondents assert that at

all times relevant to this action a reasonable good faith dispute existed as to whether such wages or other amounts were owed.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

6. Although Respondents deny that they owe any unpaid wages or other amounts to Claimants, if it is determined that such monies are owed, Claimants are not entitled to liquidated damages because Respondents' actions with respect to the method of paying Claimants were taken in good faith.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

7. Claimants are not entitled to liquidated damages pursuant to the New York Labor Law and/or the FLSA because at all times Respondents acted in good faith and had reasonable grounds for believing that their acts and/or omissions were not a violation.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

8. Respondents' actions regarding payroll practices and compliance with the New York Labor Law and/or the FLSA were in good faith and Respondents had reasonable grounds for believing their actions were in compliance with the New York Labor Law and/or the FLSA.

**AS AND FOR A NINTH AFFIRMATVE DEFENSE**

9. This action is barred, in whole or in part, as to all the hours allegedly worked by Claimants that were not reported in accordance with any applicable policies or

procedures.

AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10. This action is barred, in whole or in part, as to all hours allegedly worked of which Respondents lack actual or constructive knowledge.

AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

11. Claimants 'claims are barred, in whole or in part, by the doctrine of unclean hands.

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12. Claimants' claims are barred, in whole or in part, by the doctrine of waiver.

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13. Claimants' claims are barred, in whole or in part, by the doctrine of estoppel.

AS AN FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14. Claimants' claims are barred, in whole or in part, by the doctrine of laches.

AS AN FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15. Respondents have met and satisfied any and all obligations to Claimants that arose out of and during their employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

16. Claimants' claims for damages are barred, in whole or inpart, by Claimants' failure to mitigate damages.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE**

17. The allegations of the SAC are insufficient to entitle Claimants to punitive damages. Respondents' conduct was not willful, wanton and/or egregious and punitive damages are not available on Claimants' FLSA and State Labor Law claims.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The allegations of the SAC are insufficient to entitle Claimants to an award of attorney's fees.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

19. The causes of action herein have been waived and/or barred by reason of the Claimants' failure to give proper and timely notice to the Respondents of their claims.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

20. Claimants were not employed by each and every Respondent.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Respondents are not employers under the FLSA and New York Labor Law.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. If Claimants succeed in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Claimants, which is expressly denied. Respondents are entitled to set-off against said sum to the extend paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived compromised ,and /or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Claimants over and above their wages.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

23. Any claim for additional compensation by Claimants must be reduced by compensation already paid to Claimants for periods not compensable under the Fair Labor Standards Act and the New York Labor Law.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24. Claimants' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25. Claimants' claims are barred to the extent he petitioned for bankruptcy either under

Chapter 7 or Chapter 13 of the United States Bankruptcy Code, yet failed to disclose potential claims against Respondents as required under applicable bankruptcy laws.

Respondents reserve the right pending completion of the discovery to assert any additional defenses that may exist.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint of Plaintiff against them, together with the costs and disbursements of this action.

Dated: New York, New York
January 21, 2020

Michael Roberts Esq
ROBERTS & ROBERTS
*Attorney for Defendants*
401 Broadway, Suite 1902
New York, NY 10013
T. (212) 226-4926
F. (212) 274-0109

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorney for Plaintiff
60 East 42nd Street
New York, NY 1165
T. (212) 317-1200
F. (212) 217-1620